**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GINA MARINO-KALISH, | |
| Plaintiff, | Case No. 1:23-cv-02991 |
| v. | Honorable John Robert Blakey |
| MENARD, INC. d/b/a MENARDS, a Wisconsin corporation. | Honorable Beth W. Jantz Magistrate Judge |
| Defendant. | |

**MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Now Comes Plaintiff, Gina Marino-Kalish, by and through her attorneys, Shuman Legal, and moves the court, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, for an order compelling Defendant to produce documents in accordance with Plaintiff's request for production of documents. In support of this motion Plaintiff states as follows:

1. On October 11, 2023, Plaintiff served Defendant with "Plaintiff's First Set of Written Interrogatories to Defendant" and "Plaintiff's First Request for Production of Documents." Copies of these interrogatories are attached as Exhibit *[designation of exhibit]*; a copy of the request for production is attached as Exhibit 1.

2. Defendant objected to request "F" seeking the production of the General Liability Notice of Occurrence/Claim, claiming privilege. See attached Exhibit 2, Defendant Response to Request for Production.

3. On approximately, April 12, 2024, counsel for the Plaintiff was at the office of counsel for the Defendant for a deposition on an unrelated case, and requested that Defendant counsel provide Plaintiff with the written report referenced in Request for Production "F." Defense counsel indicated that they would not produce a copy but would allow Plaintiff's counsel to view the document.

4. On August 12, 2024, Plaintiff's counsel took the deposition of Defendant employee John Landenberger via zoom. At that time the subject document was referenced by the witness. Plaintiff's counsel again requested a copy of the document and defendant's counsel replied that they would stand on their objection and would not tender the document. Plaintiff's counsel again requested to be able to view the document. Defendant's counsel indicated that a copy would be available to be viewed prior to the deposition of Tierra Goodloe, the author of the report.

5.   Plaintiff's counsel was able to view the document on August 14, 2024, prior to the deposition of Defendant's employee, Tierra Goodloe.

6.   While Plaintiff has been able to review the document, it does contain statements purported to Plaintiff and was written by an employee of defendant who was named as a witness by defendant.

7.   Statements purported to have been made by Plaintiff and the summary prepared by Defendant's employee are not privileged.  Plaintiff will need a copy of this document should dispositive motions be filed, or if the matter is set for trial, for possible impeachment purposes.

8.   Plaintiff's counsel has conferred with counsel for Defendant in a good faith effort to resolve this discovery dispute by agreement but has not been able to do so.

WHEREFORE, Plaintiff requests an order:

1. Compelling Defendant to respond to the previously served compelling Defendant to provide a copy of the report authored by Tierra Goodloe as requested in the previously served request for production of documents;

2. Awarding fees and the costs of this motion; and

3. For such other and further relief as the court deems proper.


Dated: August 23, 2024                          By: Kevin A. Halverson
                                                    Attorney for Plaintiff


Kevin A. Halverson
Donovan S. Fechner
Shuman Legal
414 North Orleans Street, Suite 414
Chicago, IL 60654
312.422.0770
khalverson@shumanlegal.com
dfechner@shumanlegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GINA MARINO-KALISH, | } | |
| | } | |
| Plaintiff, | } | No.: 23 CV 2991 |
| vs. | } | |
| | } | |
| MENARD, INC. d/b/a MENARDS, a | } | |
| Wisconsin corporation, | } | |
| | } | |
| Defendant. | } | |

To: Mr. W. Anthony Andrews
Mr. Joseph Davidson
Ottosen, DiNolfo Hasenbalg & Castaldo, Ltd.
1804 North Naper Boulevard, Suite 350
Naperville, Illinois 60563
EMAIL: wandrews@ottosenlaw.com; jdavidson@ottosenlaw.com

## CERTIFICATE OF SERVICE

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that s/he has served the attached **Plaintiff's Rule 33 Interrogatories to Defendant, Plaintiff's Rule 34 Requests for Production**

_____
Attorneys for Plaintiff

SHUMAN LEGAL
Attorneys for the Plaintiff(s)
105 West Adams Street
28th Floor
Chicago, Illinois 60603
(312) 422-0700

EXHIBIT 1

## **PROOF OF SERVICE**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies or avers that the above-referenced document(s) were served upon all parties of record by:

[ ] Personally delivering the same to the person(s) to whom the notice is directed at the address(es) stated.

[ ] By mailing the same to the person(s) to whom the notice is directed at the address(es) stated, with the proper postage prepaid, by depositing the same in the U.S. mailbox at 105 W. Adams Street, Chicago, IL, 60603.

[ ] By mailing the same via CERTIFIED / REGISTERED MAIL to the person(s) to whom the notice is directed at the address(es) stated, with the proper postage prepaid, by depositing the same in the U.S. mailbox at 105 W. Adams Street, Chicago, IL, 60603. Receipt #: _____.

[ ] By delivering the same to third-party commercial carrier, _____, directed to the person(s) to whom the notice is directed at the address(es) stated, with the proper delivery charge prepaid, by depositing the same in the third-party carrier pick-up box at 105 W. Adams Street, Chicago, IL, 60603. Receipt #: _____.

[ ] By faxing the same to the person(s) to whom the notice is directed at the fax telephone number(s) stated.

[X] By e-mailing the same to the person(s) to whom the notice is directed at the e-mail address(es) stated.

On or before 5:00 p.m., on October 11, 2023.

_____
Marc J. Shuman
Attorney for Plaintiff(s)
Pursuant to Illinois Supreme Court Rule 137

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GINA MARINO-KALISH, | ) | |
| | ) | |
| Plaintiff, | ) | No.: 23 CV 2991 |
| vs. | ) | |
| | ) | |
| MENARD, INC. d/b/a MENARDS, a | ) | |
| Wisconsin corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## RULE 34 REQUEST FOR PRODUCTION TO DEFENDANT(S)

We hereby request that you produce within 28 days to our office for inspection and copying, the following, (together with any transcripts, reports, memoranda, or recordings purporting to reflect but not to evaluate the same):

a) All oral or written statements of Plaintiff(s), Defendant(s) and/or witnesses given or transferred to some other party or entity other than the attorney for the aforesaid party regarding the occurrence, damages and/or injuries resulting therefrom.

b) The statement of any other witness, except parties to this action, non-treating experts and drivers or other participants who may yet to be sued because of the occurrence alleged regarding the occurrence, damages and/or injuries resulting therefrom.

c) All photographs, slides or video images (digital or otherwise) taken at the time of, immediately prior to or at any time subsequent to the alleged occurrence of the plaintiff, the location of the occurrence or other physical objects involved including but not limited to surveillance video of the subject premises or taken of the plaintiff subsequent to the occurrence.

d) All data as to the physical or mental condition of the plaintiff prior and subsequent to the alleged occurrence, including inter alia injuries sustained in other accidents.

e) A list giving the names, addresses and specialties of all expert witnesses (other than non-treating, purely consulting experts who are not to testify at trial), omitting all persons already listed above.

f) All investigative reports, incident reports, police reports and all police investigation material, or copies thereof, made in connection with the occurrence specified in the Amended Complaint in your possession or control.

g) All reports and memoranda concerning any and all blood alcohol, breathalyzer or any other tests showing alcohol content of the blood made of the plaintiff(s) and/or defendant(s) from

twenty-four (24) hours before the time of the occurrence specified in the Amended Complaint to twenty-four (24) hours thereafter.

h) Copies of any and all applicable insurance policies including the declaration page(s) and all endorsements and amendments. Please produce all excess and umbrella policies and their declaration page(s) as well.

i) Any and all policy documents and manuals regarding the placement, arrangement and/or set up of product displays for Defendant in effect from five (5) years prior to April 29, 202

j) Any and all leases between the parties relative to the subject premises as set forth in the Complaint.

k) Any and all documents regarding the condition of the driveway of the subject premises as set forth in the Complaint.

l) All exhibits to be used at the trial and/or arbitration of this matter.

The word "party" shall, if an individual, also include members of his immediate family, and shall, if a corporation, include its officers, directors, managing agents and foreman. This request assumes that we will ascertain and allocate amongst ourselves the expenses involved in initially securing and reproducing the items to be produced.

SHUMAN LEGAL

BY: _____

Attorneys for the Plaintiff(s)

SHUMAN LEGAL
Attorneys for the Plaintiff(s)
105 West Adams Street
28th Floor
Chicago, Illinois 60603
(312) 422-0700

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GINA MARINO-KALISH, | |
| Plaintiff, | Case No.: 1:23-cv-02991 |
| v. | Honorable John Robert Blakey |
| MENARD, INC. d/b/a MENARDS, a Wisconsin corporation. | Honorable Beth W. Jantz Magistrate Judge |
| Defendant. | |

## DEFENDANT'S RESPONSES AND OBJECTIONS TO
## PLAINTIFF'S INITIAL REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, by and through its attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds and objects to Plaintiff's Initial Request for Production of Documents as follows:

A. All photographs, slides or video images (digital or otherwise) taken at the time of, immediately prior to, at the time of or at any time subsequent to the alleged occurrence of the plaintiff, the location of the occurrence, the occurrence itself or other physical objects involved including but not limited to surveillance video of the subject premises or taken of the plaintiff prior to, at the time of or subsequent to the occurrence.

**RESPONSE:** *See* security camera footage, which will be produced upon entry of a protective order and the receipt of a protective order acknowledgment signed by the Plaintiff.

DATED: November 30, 2023

Respectfully submitted,

**MENARD, INC.**

By: */s/ Joseph S. Davidson*

W. Anthony Andrews
Joseph S. Davidson
Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.
1804 N. Naper Blvd., Suite 350
Naperville, IL 60563
(630) 682-0085
wandrews@ottosenlaw.com
jdavidson@ottosenlaw.com

EXHIBIT 2

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| GINA MARINO-KALISH, | |
| Plaintiff, | Case No.: 1:23-cv-02991 |
| v. | Honorable John Robert Blakey |
| MENARD, INC. d/b/a MENARDS, a Wisconsin corporation. | Honorable Beth W. Jantz Magistrate Judge |
| Defendant. | |

### DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, by and through its attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds and objects to Plaintiff's Second Request for Production of Documents as follows:

A. All oral or written statements of Plaintiff(s), Defendant(s) and/or witnesses given or transferred to some other party or entity other than the attorney for the aforesaid party regarding the occurrence, damages and/or injuries resulting therefrom.

**RESPONSE:** **None.**

B. The statement of any other witness, except parties to this action, non-treating experts and drivers or other participants who may yet to be sued because of the occurrence alleged regarding the occurrence, damages and/or injuries resulting therefrom.

**RESPONSE:** **None.**

C. All photographs, slides or video images (digital or otherwise) taken at the time of, immediately prior to or at any time subsequent to the alleged occurrence of the plaintiff, the location of the occurrence or other physical objects involved including but not limited to surveillance video of the subject premises or taken of the plaintiff subsequent to the occurrence.

**RESPONSE:** *See* **security camera footage which will be produced upon entry of a protective order and the receipt of a protective order acknowledgment signed by the Plaintiff.**

D. All data as to the physical or mental condition of the plaintiff prior and subsequent to the alleged occurrence, including inter alia injuries sustained in other accidents.

**RESPONSE:** **None other than those medical records obtained in discovery by subpoena with proper notice to Plaintiff.**

E. A list giving the names, addresses and specialties of all expert witnesses (other than non-treating, purely consulting experts who are not to testify at trial), omitting all persons already listed above.

**RESPONSE:** **Defendant objects to such request as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such request, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.**

F. All investigative reports, incident reports, police reports and all police investigation material, or copies thereof, made in connection with the occurrence specified in the Amended Complaint in your possession or control.

**RESPONSE:** **Defendant objects to this request to the extent that it seeks production of documents protected by the insured-insurer privilege as a General Liability Notice of Occurrence/Claim was made to Defendant's third-party insurance claims administrator by Tierra Goodloe, the store's front-end manager for the dominant purpose of transmitting it to defense counsel for the protection of the interests of Defendant.**

G. All reports and memoranda concerning any and all blood alcohol, breathalyzer or any other tests showing alcohol content of the blood made of the plaintiff(s) and/or defendant(s) from twenty-four (24) hours before the time of the occurrence specified in the Amended Complaint to twenty-four (24) hours thereafter.

**RESPONSE:** **Defendant objects to this request that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.**

H. Copies of any and all applicable insurance policies including the declaration page(s) and all endorsements and amendments. Please produce all excess and umbrella policies and their declaration page(s) as well.

**RESPONSE:** **Defendant objects to this request to the extent that it is vague and ambiguous, that it calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence, and that it is overly broad and unduly burdensome.**

**Subject to and without waiver of the foregoing objections, Defendant will produce its insurance polic(ies) upon Plaintiff showing a substantial need for the document(s).**

I. Any and all policy documents and manuals regarding the placement, arrangement and/or set up of product displays for Defendant in effect from five (5) years prior to April 29, 202

**RESPONSE: None.**

J.  Any and all leases between the parties relative to the subject premises as set forth in the Complaint.

**RESPONSE:** Defendant objects to this request that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence as Defendant readily admits that it owns, operates and maintains the home improvement store identified in the Complaint.

K.  Any and all documents regarding the condition of the driveway of the subject premises as set forth in the Complaint.

**RESPONSE:** Defendant objects to this request that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

L.  All exhibits to be used at the trial and/or arbitration of this matter.

**RESPONSE:** Defendant objects to this request to the extent that this request seeks trial material as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to this request, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging trial material set by the Court.

DATED: November 30, 2023                    Respectfully submitted,

**MENARD, INC.**

By: */s/ Joseph S. Davidson*

W. Anthony Andrews
Joseph S. Davidson
Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.
1804 N. Naper Blvd., Suite 350
Naperville, IL 60563
(630) 682-0085
wandrews@ottosenlaw.com
jdavidson@ottosenlaw.com

STATE OF WISCONSIN )
) SS.
COUNTY OF EAU CLAIRE )

## VERIFICATION

Mr. Aaron Sommer being duly sworn on oath states as follows:

That he is an authorized signatory for Menard, Inc. and is a duly authorized representative of the corporation; that he has read the foregoing document and knows the contents thereof; that said answers were prepared with the assistance and advice of corporate counsel, local counsel and employees of Menard, Inc.; that no one office or employee of Menard, Inc. has personal knowledge of all matters addressed in Defendant, Menard, Inc.'s Answers to Plaintiff's Interrogatories; Defendant, Menard, Inc.'s Responses and Objections to Plaintiff's Request for Production of Documents; that the responses are based on and therefore necessarily limited by the records and information still in existence, presently recollected, and thus far discovered; that he consequently reserves the right to make any changes in the responses if it appears at any time that omissions or errors have been made or that more accurate information is available; and that subject to these limitation, the responses are true to the best of his knowledge, information, or belief.

Dated this 30th day of November, 2023.

_____
Aaron Sommer
Authorized Signatory for Menard, Inc.

SUBSCRIBED and SWORN to before me this
30 day of November, 2023.

_____

[Notary Seal: DANNY GARCIA, NOTARY PUBLIC, STATE OF WISCONSIN]