IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GINA MARINO-KALISH, | |
|           Plaintiff, | Case No. 1:23-cv-02991 |
| v. | Honorable John Robert Blakey |
| MENARD, INC. d/b/a MENARDS, a Wisconsin corporation. | Honorable Beth W. Jantz<br>Magistrate Judge |
|           Defendant. | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES Plaintiff, GINA MARINO-KALISH, by and through her undersigned counsel, and moves to extend time for discovery and for the time within which to file dispositive motions. In support thereof, Plaintiff states as follows:

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

On a motion for summary judgment, the burden rests with the moving party to demonstrate "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The admissible evidence presented by the non-moving party must be believed, and all reasonable inferences must be drawn in favor of the non-moving party." Zerant v. DeLuca, 555 F.3d582, 584 (7th Cir. 2009); TAS Distributing Co., Inc. v Cummings Engine Co., Inc., 491 F.3d 625, 630 (7th Cir. 2007). The Court must construe

the record in a light most favorable to the non-moving party and "avoid the temptation to decide which party's version of facts is more likely true." Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003). A genuine issue of fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the particular issue. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Eiland v. Trinity Hosp., 150 F.3rd 747, 750 (7th Cir. 1998). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. Nelson v. Miller, 570 F.3d 868, 875 (7th Cir. 2009).

FACTUAL RECORD AND GENUINE ISSUE OF MATERIAL FACT

The following are the facts of record, and reasonable inferences that arise from these facts, that establish that there is a genuine issue of material fact as to Plaintiff's claims, and that this case is not appropriate for summary judgment.

This case centers around Plaintiff, Gina Marino-Kalish, shopping at the Menards store located on Clybourn Street, Chicago, Illinois, on April 29, 2021. She was shopping for pruning shears for use at her home. The pruning shears were located in the hardware department and displayed on a shelf as depicted in Exhibits 3 and 4, photographs of display area taken by Menards after the incident. The pruning shear display was slightly above Plaintiff's eye level. Plaintiff's Statement of Additional Facts ("Plaintiff's SOF") ¶ 4. Plaintiff reached for the pruning shears, pulled one set toward her and the rest of the shears fell on her. Plaintiff's SOF ¶¶ 5, 7-8. Plaintiff sustained injury as a result of the incident. Defendants' negligence in placing the display as they did, above eye level, proximately caused Plaintiff's injuries. Given the setup of the display it was reasonably foreseeable that a customer of the store could remove a pruning shear set from the display causing the entire display to come down on said customer.

SUMMARY JUDGMENT IS NOT PROPER IN THIS CASE

As an invitee, it is agreed that Menards owes a duty to its customers to maintain the premises in a reasonably safe condition to avoid injuring them. Plaintiff contends that Defendant breached its duty by placing the pruning shear display above eye level where a customer would not be able to see the dividers that separated the sets. "To prevail on a claim of negligence under Illinois law, a plaintiff must prove the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." Thompson v. Gordon, 241 Ill. 2d 428, 948 N.E.2d 39, 45 (2011).

The pruning shears display was on a shelf that placed the box above eye level. See Exhibits 3 and 4, and Plaintiff's SOF. ¶4. Clearly the display was set up by Menards and there is no testimony or evidence that it was not. While the display did not look precarious to Plaintiff, when she removed one pruning set, the rest of the packages fell on her. Id. at ¶¶ 6-7. Defendant asserts that plaintiff's claims are based upon blatant speculation. However, this assertion is contradicted by the testimony of John Landenberger. The way the pruning shears fell on Plaintiff was reasonably foreseeable to him. Mr. Landenberger was the Second Assistant General Manager on April 29, 2021. It was his duty to oversee the ongoings of the store that day. Id. at ¶ 10. Mr. Landenberger knew that if you pulled one pruning set forward that the set and possibly the entire box would come forward. Given the location of the box on a shelf above Plaintiff's eye level, the resulting cascade of the pruning shear sets upon Plaintiff as described by Plaintiff was reasonably foreseeable to the Second Assistant General Manager of the store. Clearly a genuine issue of fact exists. Defendant had the display placed in an area where a customer reasonably could not have seen the cardboard inserts inside the cut out box. When Plaintiff removed one pruning shear set, the balance of them and the box came down in Plaintiff. Plaintiff's SOF, ¶¶ 5-8. This result was clearly reasonably foreseeable as explained by John

Landenberger.

In a similar case, Staten v. Pamida, Inc., Plaintiff was at Defendant store shopping for paint. She selected a paint can above her, while standing on her tiptoes, when a paint can other than one she selected from the store shelf fell from the shelf onto Plaintiff's foot causing her to lose her balance and sustain injury. Staten v. Pamida, Inc., 189 Ill. App. 3d 125, 126-127, 544 N.E.2d 1325 (4th Dist. 1989). There were no witnesses, and the assistant store manager testified that they had no similar instances where a paint can had fallen on a customer in the 11 years that he had been store manager. Id. at 127. The appellate court in Stanton reversed the trial court's granting of a motion for directed finding stating: "the evidence in this case is not such that a verdict for plaintiff could never stand," Id. at 128. Similarly, under the facts of the present case a verdict for Plaintiff could certainly be reached.

Whether the defendant breached its duty of care is ordinarily a question for the jury. Vesely v. Armslist LLC, 762 F.3d 661, 665 (7th Cir. 2014) and *see also* Adams v. Northern Illinois Gas Co., 211 Ill.2d 32, 809 N.E.2d 1248, 1257 (2004). The court may decide the issue as a matter of law, however, if there is no material issue regarding the matter or only one conclusion is clearly evident. Fury v. U.S., 712 F.3d 988, 992 (7th Cir. 2013) and *see also* Williams v. University of Chicago Hospital, 179 Ill.2d 80, 688 N.E.2d 130, 134 (1997). Cleary in this case, like Staten, this is a case where a verdict for the Plaintiff could certainly be reached, and therefore summary judgment would not be proper.

WHEREFORE, Plaintiff, GINA MARINO-KALISH, respectfully requests an order denying Defendant's Motion for Summary Judgment and grant such other relief as the Court may deem just and proper.

Respectfully submitted,

**GINA MARINO-KALISH**

By: <u>Kevin A. Halverson</u>
Kevin A. Halverson, #6225110
Donovan S. Fechner, #6224892
Shuman Legal
414 North Orleans Street, Suite 600
Chicago, IL 60654
312.422.0700
khavlerson@shumanlegal.com
dfencher@shumanlegal.com

5