IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Gina Marino-Kalish, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-02991 |
| | ) | |
| v. | ) | Judge John Robert Blakey |
| | ) | |
| Menard, Inc. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gina Marino-Kalish sued Defendant, Menard, Inc., for negligence after several pruning sets fell on her while she was in a Menard store. [1]. Menard now moves for summary judgment. [42]. For the reasons explained below, this Court grants Menard's motion.

**I.  Background**[1]

Plaintiff visited a Menard home improvement store, looking for pruning shears. [46] ¶ 9; [50] ¶¶ 1, 2, 4. In the hardware department, Plaintiff spotted a display case, a little above her eye level, containing pruning sets. [46] ¶ 10; [50] ¶ 4. The pruning sets were displayed in cut case boxes using vertical cardboard dividers separating each set. [46] ¶¶ 10–12.

---

[1] The Court draws these facts from Plaintiff and Defendant's Rule 56.1 Statements of Facts [43], [47], including exhibits, and the parties' responses thereto [46], [50], where supported.



Plaintiff tried to remove one set from the cut-case display, but while she was reading the display box, several pruning sets fell on her head. [46] ¶ 15; [50] ¶ 5. From the time Plaintiff began handling the pruning set to when the sets fell on her, she was the only person in the aisle, and the only person who touched the pruning sets. [46] ¶¶ 17, 18. Plaintiff did not observe anything hazardous about the pruning set display, and the display box did not look precarious to Plaintiff. [46] ¶ 19; [50] ¶ 6. Despite this, Plaintiff believes "the display was not set up safely." [50] ¶ 7.

John Landenberger, a 30-year employee and the Second Assistant General Manager at that Menard location, said it was possible for the display box to move

forward if one pulled a pruning set forward, rather than pulling it upward. [50] ¶¶ 9, 10. But neither Landenberger nor Tierra Goodloe, a 10-year employee and Second Assistant Front-End Manager at Menard, had ever heard of a prior incident of a pruning set falling and injuring a customer, or any safety hazard in the garden and landscaping tool display. [46] ¶¶ 25–28; [50] ¶¶ 9, 10. Neither Landenberger nor Goodloe had ever heard a customer complain about the safety of a garden and landscaping tool display. [46] ¶ 29.

Based upon the record, Menard seeks summary judgment, arguing that it remains entitled to judgment as a matter of law, [42]. Plaintiff opposes the motion, [45], and the parties have fully briefed the matter.

## II. Legal Standard

Summary judgment may be properly granted where there is "no dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict" in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

On a motion for summary judgment, this Court must construe all facts and reasonable inferences in the light most favorable to the non-moving party. *King v. Hendricks Cty. Comm'rs*, 954 F.3d 981, 984 (7th Cir. 2020). The non-moving party bears the burden of identifying the evidence creating an issue of fact. *Hutchison v.*

3

*Fitzgerald Equip. Co.*, Inc., 910 F.3d 1016, 1021–22 (7th Cir. 2018). To meet this burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Barnes v. City of Centralia*, 943 F.3d 826, 832 (7th Cir. 2019). A mere "scintilla of evidence" supporting the non-movant's position does not suffice; rather, "there must be evidence on which the jury could reasonably find" for the non-moving party. *Anderson*, 477 U.S. at 252.

## III. Discussion

To defeat summary judgment on a claim of negligence under Illinois law, Plaintiff must present evidence from which a reasonable juror could find that: (1) Menard owed her a duty; (2) Menard breached that duty; and (3) the breach proximately caused her injury.[2] *Wilfong v. L.J. Dodd Constr.*, 930 N.E.2d 511, 519 (Ill. 2010). In Illinois, businesses "owe their invitees a duty to maintain the premises in a reasonably safe condition to avoid injuring them." *Reid v. Kohl's Dept. Stores, Inc.*, 545 F.3d 479, 481 (7th Cir. 2008). This duty is breached by creating an unreasonably dangerous condition that the defendant should have rectified or warned about. *Fanter v. Menard, Inc.*, No. 15 C 7912, 2017 WL 1049835, at *5 (N.D. Ill. Mar. 20, 2017).

There is no dispute Menard, a business, owes its invitees a duty to maintain the premises in a reasonably safe condition to avoid injuring them. *Zuppardi v. Wal-*

---

[2] State law "provides the substantive law in a diversity action." *Dunn v. Menard*, 880 F.3d 899, 905 (7th Cir. 2018) (citing *Maroules v. Jumbo, Inc.*, 452 F.3d 639, 645 (7th Cir. 2006)). And the parties here agree that Illinois law applies. [44] at 4, [47] at 3.

4

*Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014). Yet there is no evidence in the record showing Menard breached that duty, or that Menard did so in a manner proximately causing Plaintiff's injuries.

Plaintiff must prove two distinct elements to establish proximate cause. *Simmons v. Garces*, 736 N.E.2d 720, 732 (Ill. 2002). The defendant's conduct must be shown to be: (1) an actual cause of the plaintiff's injury; and (2) it must be a legal cause as well. *Id.* Actual cause can be established "only where there is a reasonable certainty that a defendant's acts caused the injury or damage. A defendant's acts are a legal cause only if they are so closely tied to the plaintiff's injury that he should be held legally responsible for it." *Id.* A plaintiff must show proximate cause by "establishing with reasonable certainty that defendant's acts or omissions caused injury" to the plaintiff. *Kellman v. Twin Orchard Country Club*, 560 N.E.2d 888, 892 (Ill. App. 1990). The mere "occurrence of an accident does not support an inference of negligence." *Id.* Rather, a plaintiff must show "positive and affirmative proof of causation" and not "mere speculation, guess, or conjecture as to what probably happened to cause" the injuries. *Id.*

Here, the record includes no evidence to support proximate cause, dooming Plaintiff's negligence claim. The record shows that Plaintiff does not know why the pruning sets fell on her. She observed nothing hazardous about the display case and admitted it did not look precarious. Plaintiff presents no evidence as to what caused the injury, and she only offers her "belief"—untethered to any factual basis—that the display was "not set up safely"; to support her conclusory opinion, she simply recites

5

the sequence of events: "when she touched the box or its contents something fell on her." [50] ¶¶ 6, 7. Plaintiff suggests one way the pruning sets might fall, pointing to Landenberger's testimony that pulling a pruning set forward could cause the box to come forward. But Plaintiff offers no evidence to support that speculation and does not even describe exactly how she pulled the pruning set from the display case. In other words, that explanation "may be plausible," but Plaintiff "has presented no evidence to support it." *Yoon v. Menard, Inc.*, No. 20 CV 6281, 2023 WL 12004452, at *2 (N.D. Ill. May 4, 2023) (granting defendant's motion for summary judgment where plaintiff admitted he did not know why metal shelving fell on him, and stated his belief, without evidence, that the display was not secure, and that his interaction "somehow catalyzed a movement that caused the shelves to fall."); *see also Stott v. Menard's #3071*, No. 16 C 11037, 2018 WL 745702, at *3 (N.D. Ill. Feb. 7, 2018) (granting defendant's motion for summary judgment where plaintiff grabbed a stack of blocks in a display and another block crushed his hand, but plaintiff presented no evidence as to what caused his injury). Here, Plaintiff offers only mere speculation, guess, or conjecture as to what probably happened.

As "the 'put up or shut up' moment in a lawsuit, summary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial. Such a dispute exists when there is sufficient evidence favoring the non-moving party to permit a trier of fact to make a finding in the non-moving party's favor as to any issue for which it bears the burden of proof." *Grant v. Trustees*

*of Indiana Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (citations omitted). Plaintiff has identified no evidence of any act or omission on Menard's part that proximately caused Plaintiff's injury, and thus, her claim fails as a matter of law.

Nor can Plaintiff succeed under a mere premises-liability theory. In Illinois, "businesses owe their invitees a duty to maintain the premises in a reasonably safe condition to avoid injuring them." *Zuppardi*, 770 F.3d at 649. But to win under a premises-liability theory, Plaintiff must show Defendant had actual or constructive knowledge of dangerous or defective conditions. *Barrios v. Fashion Gallery, Inc.*, 255 F.Supp.3d 728, 731 (N.D. Ill. 2017) (collecting cases). A plaintiff may establish constructive knowledge by presenting evidence that: "(1) the dangerous condition existed for a sufficient amount of time so that it would have been discovered by the exercise of ordinary care, or (2) the dangerous condition was part of a pattern of conduct or a recurring incident." *Zuppardi*, 770 F.3d at 651. But here, Plaintiff presents no evidence that Menard knew or should have known the pruning set display was, in any way, dangerous. Plaintiff offers no evidence of any recurring problem with the displays, and long-term Menard employees gave uncontradicted testimony that they had never heard of any prior incident of a pruning set falling on a customer, or any other safety hazard in the garden and landscaping tool display. Absent evidence to show that Menard was or should have been aware of a danger with the pruning sets, there exists no genuine dispute of material fact for a jury to resolve with respect to premises liability.

## IV. Conclusion

For the reasons explained above, this Court finds that Plaintiff has presented no evidence from which a reasonable jury could find that Menard caused her injury, or that anyone at Menard knew or should have known of a problem with the pruning sets display. As a result, her negligence claim fails as a matter of law, and the Court, accordingly, grants Defendant's motion for summary judgment [42]. Civil case terminated.

Dated: February 19, 2026

Entered:

_____
John Robert Blakey
United States District Judge